**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **AARON L. JONES, SR.,** ) | **CASE NO. 1:15 CV 1158** |
| ) | |
| Plaintiff, ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OF OPINION** |
| **WARDEN, GRAFTON** ) | |
| **CORRECTIONAL INSTITUTION** ) | |
| ) | |
| Defendant. ) | |

*Pro se* Plaintiff Aaron L. Jones, Sr., filed the above-captioned action under 42 U.S.C. § 1983 against the Warden of the Grafton Correctional Institution, to challenge his 2006 conviction in the Mahoning County Court of Common Pleas on two counts of aggravated burglary. In the Complaint, he alleges the victim gave inconsistent testimony, he received ineffective assistance of trial counsel, and the trial judge was biased. He indicates he raised these claims in a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, but the Court held his claims were procedurally defaulted. He now asserts them in a civil rights action and seeks release from prison and monetary damages for illegal detention and defamation of character.

**Factual and Procedural Background**

Plaintiff was convicted in the Mahoning County Court of Common Pleas of aggravated burglary. The victim was his former girlfriend who claimed Plaintiff and his cousin broke into her house while she was sleeping, put a gun to her head, physically assaulted her and robbed her. She

called 911 but when police were slow to respond, she asked for an ambulance. The ambulance transported her to the hospital emergency room with a bleeding nose, swollen eyes and lips, and multiple contusions on her face and back. Plaintiff was arrested on January 19, 2006. A jury found Plaintiff guilty of two counts of aggravated burglary in May 2006. He was sentenced to ten years for each count, to run consecutively for an aggregate sentence of twenty years in prison.

Plaintiff appealed his conviction. The Court of Appeals affirmed his conviction and overruled all assignments of error. He did not immediately file an appeal of that decision to the Ohio Supreme Court. Instead, he filed a Motion for Reconsideration, a Petition for Post Conviction Relief, and three Motions to Vacate his Sentence. When the court denied those Motions, he attempted to file a delayed appeal of his conviction to the Supreme Court of Ohio on July 29, 2008. That Motion was denied and the appeal was dismissed on December 18, 2008.

Plaintiff then filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in this Court. That case, No. 4:08 CV 3017 was assigned to United States District Judge Jack Zouhary. Because Plaintiff did not file a timely appeal of his conviction to the Supreme Court of Ohio, Judge Zouhary found his claims were procedurally defaulted.

Plaintiff has now filed this civil rights action under 42 U.S.C. § 1983 to challenge his conviction and sentence. He points to a number of statements made by the victim and contends they are inconsistent, claims his counsel was ineffective, and asserts the trial judge was biased against him. He seeks release from prison and monetary damages.

**Standard of Review**

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to

dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998)

**Discussion**

Plaintiff cannot challenge his conviction and seek release from prison through a civil rights action. His sole remedy to bring these claims is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A Complaint seeking relief under 42 U.S.C. § 1983 is not an alternative to a Petition

for Writ of Habeas Corpus, even if Plaintiff's prior attempts to obtain relief through habeas corpus were unsuccessful. *Id*.

Furthermore, Plaintiff cannot get around this procedural bar by seeking damages for an illegal conviction. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render a conviction or sentence invalid, Plaintiff must prove his conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that was not invalidated is not cognizable under 42 U.S.C. §1983. Therefore, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Here, Plaintiff is clearly challenge his conviction. To proceed with these claims, he must allege his conviction was overturned on appeal or through habeas corpus. Neither of these events occurred. To the contrary, his conviction was upheld on appeal and his habeas petition was denied. His claims for damages are not cognizable under 42 U.S.C. § 1983.

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

    /s/Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: _November 4, 2015_

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.